UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIO BUSTILLO-LARA,
        Petitioner,

No. 1:07-cv-863

-v-

HONORABLE PAUL L. MALONEY

MARY BURGHUIS,
        Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Julio Bustillo-Lara was charged with, and convicted of, second degree murder. After exhausting his direct appeals, Bustillo-Lara (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge issued a report (Dkt. No. 22) recommending the petition be denied. Petitioner filed objections. (Dkt. No. 23.)

Petitioner raises two issues in the petition, the involuntary waiver of his *Miranda* rights and admission of hearsay evidence. The magistrate judge concludes the two issues lack merit. Because Petitioner objects to both conclusions, the court has reviewed the record *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner's objections are OVERRULED. The R&R is ADOPTED as the opinion of this court. The report and recommendation accurately describes the testimony at trial and correctly describes the relevant propositions of law. The magistrate judge's conclusions are well reasoned and well supported. Petitioner's objections are either directly answered or answered inferentially by the report. This court will address Petitioner's claim, in his objection, that several of the witnesses lied and the interpreter improperly conversed with the judge. These claims were not raised in the petition. Petitioner has not established that these claims have been exhausted in state courts.

CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Having reviewed the petition for the purpose of issuing a certificate of appealability, the court finds that reasonable jurists would not disagree with the manner in which the issues were resolved. The alleged heresay testimony did not violate Michigan or Federal Rules of Evidence and did not violate the United States Constitution. The difference in dialects between Petitioner and Officer Jimenez did not render the Petitioner's waiver of his *Miranda* rights involuntary.

For these reasons, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 22) is **ADOPTED**, over objections, as the opinion of this court.

2. The petition for writ of habeas corpus is **DENIED.**

3. A certificate of appealability is **DENIED.**


Date:   June 15, 2010              /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge